UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARQUEZ BRIGGS,

    Petitioner,

    v.

ANTHONY HEDGPETH, Warden,

    Respondent.
_____/

No. C 11-3237 PJH

**ORDER TO SHOW CAUSE**

Petitioner Marquez Briggs ("Briggs"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On March 25, 2008, a jury in the Alameda County Superior Court convicted Briggs of oral copulation by force in concert in violation of California Penal Code § 288a(d); sodomy by force in concert in violation of California Penal Code § 286(d); and car-jacking in violation of California Penal Code § 215(a).  The jury further found true a kidnap and several firearm enhancement allegations.  On April 22, 2008, the court sentenced Briggs to twenty-five years to life in prison, to be served consecutively to a determinate term of 20 years and eight months.

Briggs appealed to the California Court of Appeal, which affirmed his conviction on December 30, 2009. The California Supreme Court denied review on April 14, 2010. Briggs filed the instant petition on June 30, 2011.

## DISCUSSION

**A.     Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Briggs raises three claims for federal habeas relief, including that:

(1) the state court's denial of his request for disclosure of alleged immigration benefits received by prosecution witness, John Doe, violated his due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972);

(2) the state court's refusal to allow him to cross-examine prosecution witness, John Doe, regarding the prosecution's promises and provision of immigration benefits to Doe violated his Fifth Amendment due process rights and his Sixth Amendment right to confrontation; and

(3) the state court's limitations regarding his ability to cross-examine the prosecution's expert witness, criminalist Ines Iglesias-Lee, regarding her understanding of a statistical figure provided by a computer violated his Fifth Amendment due process rights and his Sixth Amendment right to confrontation.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

    3.    If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: July 8, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge